The bill of exceptions assigns error on a judgment overruling a motion for new trial based only on the general grounds, and complains of a conviction for rape. The corroborated testimony of the victim, her positive identification of the defendant, and the testimony of four witnesses as to his voluntary confessions amply authorized the verdict.
Judgment affirmed. All the Justicesconcur.
 No. 13852. SEPTEMBER 9, 1941.
The defendant was found guilty of rape, without a recommendation. His motion for new trial contains only the general grounds. The alleged victim, seventy-two years of age, lived alone in Hart county, about a quarter of a mile from the nearest house. She testified that the defendant, dressed in overalls, entered her home through the back door about the middle of a drizzling Sunday afternoon, while she was alone shelling corn; and that when she tried to leave the house, he seized her, forced her into the bedroom, tied *Page 651 
her hand and neck with sheets and fastened her down to the bed, so that she was helpless, threatened to cut her throat if she made any outery, and carnally assaulted her. She further testified that when the sheriff later brought the defendant to her house she identified him as the person who had committed these acts. At the trial she again positively identified him as the guilty person. Her son testified that when he came to his mother's house late in the afternoon, he found her in a helpless and smothering condition tied as she testified, and it took five minutes to cut her loose. The State also introduced testimony by the sheriff and three other witnesses as to confessions by the defendant and as to their free and voluntary nature. In these confessions he related the details of the assault and as to what he had previously and subsequently done. As to what occurred before, he referred to his conversation with a white man regarding the ownership of several mules he had seen on the way to the home of the victim. This man testified that he had such a conversation with a negro, who looked "mighty like" and he was "pretty well satisfied" was the defendant, but in a "case of life and death" he would not "say for sure." There was no testimony for the defendant. In his statement to the jury he never directly denied committing the crime; but said he had spent the day when the event happened at Anderson, South Carolina, returned on a bus "that afternoon," and at six o'clock was at the "McLane Place," which was not located with reference to the scene of the crime. He said that he had first denied to the sheriff and a police detective, when he was arrested in Atlanta, that he had gone to the home of the victim; but that he became scared when the detective threatened to whip him, and then said he had gone to her home. He denied that he had owned an overall suit at any time for several years; and further said that when the sheriff took him to the victim, and "asked her if I was the one," she said, "If you say he is the one, he is the one." The sheriff testified that he had taken twenty-five persons to her for identification, and that she had identified this defendant as the one who had assaulted her.